PANG CHEW *v.* WILLIAM HASKINS KEALAKAI, NA-
HOLOAA KEALAKAI, SIU LEONG, SIU KIN KEE,
WONG MOO YAN, KIN KEE, AND YEE YAP,
TRUSTEE FOR CHUN TONG.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED DECEMBER 9, 1912.                    DECIDED DECEMBER 16, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

USURY—*transaction not usurious.*

There being no evidence of any benefit or advantage exacted by
the lender from the borrower in addition to the agreed rate of
interest of twelve per cent. per annum, the transaction is not
usurious.

LANDLORD AND TENANT—*taxes on improvements.*

Where a lease requires that the lessee pay the taxes on the
improvements made or erected on the land, the lessee is not
liable for taxes on increased value due to the filling in of the
land.

### OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by the respondents, W. H. Kealakai and
Naholoaa Kealakai, from a decree entered in favor of the com-
plainant, Pang Chew, for the sum of $850 with interest from
October 14, 1909, at the rate of twelve per cent. per annum
upon a promissory note given by the respondents to the com-
plainant, and decreeing a foreclosure of the mortgage executed
to secure the payment of the note and sale of the land therein
described to satisfy the complainant's claim. The other re-
spondents being tenants on the land were, for that reason, made
parties to the suit, but they did not answer or make any appear-
ance in the case. The suit was brought to foreclose the mort-
gage for default in payment of both principal and interest.
The facts thus briefly alluded to constitute, in substance, the
essential averments of the bill filed by the complainant.

The two respondents appearing in the case, by their answer

(after alleging that they understood that they were borrowing the $850 from one Akai, that they promised to pay him the sum of $400 as interest, and that they had no knowledge of having executed the note and mortgage sued upon), "neither admit nor deny the allegations" of the bill, but leave the complainant "to his proof thereof." The respondent, W. H. Kealakai, also interposed a so-called counter-claim, setting forth two grounds of defense, namely: (1) That the transaction was usurious, the complainant, as it is claimed, having exacted interest in excess of the rate of twelve per cent. per annum, cannot now recover any interest; (2) that the complainant is indebted to this respondent upon a counter-claim in the sum of $252.87, with interest, for money paid by the respondent as taxes on improvements made on the land described in the mortgage, the complainant as tenant being under obligation to pay the taxes upon all "improvements made and erected on the land" failed to pay such taxes.

1. As to the question of usury. In support of the contention that the transaction involving the making of the loan was usurious, it is urged that the evidence shows that Akai was the agent of the complainant, and as such agent, and with the knowledge and approval of the complainant, exacted of and required the respondents to pay to him the sum of $95 as a bonus for making the loan; and that the complainant was also to have in addition to the interest stipulated in the note and mortgage the use of the land in question, which he was then occupying as tenant, two years free of rent, which use was equivalent to the sum of $100. The evidence, however, does not support this contention. On the contrary, when all the evidence is considered together and in the light of the facts and circumstances disclosed by the record, it is clear that Akai was acting as the agent of the respondents and not as the agent of the complainant; that the respondents agreed to pay and did pay Akai the sum of $95 for his services in obtaining the loan for them; that

the complainant not only did not receive the $95, nor any part thereof, but that he did not know that Akai had exacted or had received any compensation in the transaction from the respondents. The contention that the complainant was also to have the use of the land for two years free of rent as a consideration for making the loan is without merit. It appears that in 1899 the respondents leased the land in question to one Pang Fong for twenty years at $50 per year, and that in consideration of the payment of $500 of the rent in advance the lessee was to have the use of the land two years free of rent. The lease was afterwards assigned to the complainant. The loan by the complainant to the respondents was made in 1909. We are unable to perceive any connection between these transactions, separated as they are by a period of ten years. The lease was to Pang Fong and the loan from Pang Chew.

2. As to the counter-claim. The lease referred to required the lessee to pay the taxes on the "improvements made or erected on the land." The tenants, including the complainant, have paid the taxes on the buildings and other structures erected on the land. The land, however, being low was filled in with earth which enhanced its value. There was also an increase in value in common with other property in that vicinity not due to the filling in. The respondents contend that the complainant, under the terms of the lease, is also liable for the taxes on the increased value of the land caused by the filling in. We do not so construe the lease. The term "improvements," as used in the lease, obviously relates to buildings and other structures erected on the land and not to the filling in of the land. Assuming, however, that the complainant is liable for the taxes, as claimed, there is no evidence tending to show what proportion of the increase in value of the land is due to the filling in as distinguished from the increase in value in common with other property in that vicinity. The burden of showing the exact amount of this increase in value due solely to the filling in was

upon the respondents. They failed to show this. Hence, there is no basis upon which the amount of the taxes can be determined.

We therefore conclude that the transaction as to the loan was not usurious and that the so-called counter-claim is without merit.

The decree is affirmed.

*Lorrin Andrews* and *Eugene Murphy* for complainant.

*C. F. Peterson* for W. H. Kealakai and Naholoaa Kealakai.